THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMILE L. SCHMIDT, Appellant.

First Department, March 15, 1940.

*Frederick L. Kane* of counsel [*Robert Luce Donohue* and *Stephen D. Finale* with him on the brief; *Frederick L. Kane,* attorney], for the appellant.

*Burr F. Coleman, Deputy Assistant District Attorney,* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

PER CURIAM. The spurious marks on the silver objects which were offered for sale to the complaining witness, and the maker's mark in particular, constituted trade-marks within the meaning of sections 2350 and 2354 of the Penal Law. The defendant admitted that he had observed these objects in the show cases on the premises and that he then considered them to be spurious. He did not claim to have removed them from among other silver intended for sale, but testified that he had instructed certain unidentified persons that they should not be sold and for that reason had removed the tags. The triers of the facts were not required to give credence to the defendant's testimony that he had instructed that these objects should not be sold in the absence of corroboration by any of the persons to whom the instructions were claimed to have been given and in view of the testimony of the complaining witness that the tags were still attached to each of the articles when they were offered to her for sale. The triers of the facts could also have considered the extreme improbability that the defendant's employee would have sold or offered these objects for sale in violation of the defendant's instructions. In making reference to these facts, however, it should not be assumed that the defendant would be exculpated by proof of such instructions.

There is, however, no warrant for certain of the conditions imposed by the court upon which sentence of thirty days was suspended and the judgment should be modified in this respect.

The judgment should be modified by eliminating from the sentence the conditions under which it is suspended, and as so modified affirmed.

Present — O'MALLEY, TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.; GLENNON, J., dissents and votes to reverse and dismiss the information on the ground that the guilt of the defendant was not established beyond a reasonable doubt.

Judgment modified by eliminating from the sentence the conditions under which it is suspended, and as so modified affirmed.

Settle order on notice.